## MORGAN RYE AND OTHERS *v.* THE STATE.

1. MURDER — CHARGE OF THE COURT. — See in the opinion an instruction on murder in the first degree which is held to be correct in the abstract, and not subject to the objection that it assumed the guilt of the accused.

2. SAME. — No particular form of expression is requisite in a charge ; it suffices that the law applicable to the case be substantially given in plain language. See an instruction on circumstantial evidence held sufficient in a trial for murder.

3. INDICTMENT — NAME OF DECEASED. — The requirement that an indictment must allege the name of the injured party is to apprise the accused of the accusation against him ; and this is sufficiently done in an indictment for murder when the evidence shows that the deceased was known to the accused by the name alleged.

4. EVIDENCE. — See proof of the name of the deceased held sufficient to sustain the conviction.

APPEAL from the District Court of Polk. Tried below before the Hon. E. HOBBY.

This is the companion case of the one which immediately precedes it. The only differences between the two are disclosed in the opinion. As will be seen, a motion for rehearing was filed, and elicited an opinion which, though not delivered until the ensuing Austin term, is embodied in the present report.

*F. Charles Hume,* for the appellants.

*Thomas Ball,* Assistant Attorney-General, for the State.

WINKLER, J. This is another branch of the same affair mentioned in the case of these appellants against the State, from the same District Court, upon a similar indictment and almost the same state of facts. The most important

difference between the two cases is, that in that case the indictment was for the murder, by hanging, of an unknown person, and the verdict being for murder in the first degree, with punishment assessed at imprisonment in the penitentiary for life, whilst in the present case the indictment charges the murder, by hanging, of one Sam Black, the verdict being for murder in the second degree, with punishment assessed at confinement in the penitentiary for a period of ten years.

In both cases the evidence finds these appellants together, in charge of two prisoners, at the town of Woodville in Tyler County. From Woodville they were traced, by the evidence, to a point in Polk County not far from the line of Liberty County, known as the Big Thicket; and a few days after they were last seen with the prisoners two dead bodies were found at a clay-root, in a hole made by the uprooting of a pine tree, each with a piece of rope round his neck, near a leaning tree having upon it marks indicating that the two men had been hanged upon it. There can be no question as to the fact that the appellants had two men in custody at Woodville, and that they were seen at different places on the road to a point in the near vicinity of where the two dead bodies were found; nor does it seem there is room for doubt that the two men whose dead bodies were found had met death in the manner set out in the indictment. In the present case the important and material inquiries were these, as we understand the record: —

1. Was either of the two dead bodies identified as one of the persons held by the defendants?

2. Was either identified as the Sam Black alleged in the indictment to have been murdered? and if so, —

3. Were these appellants the perpetrators of the murder?

These were all questions of fact, to be determined by the jury from the evidence, and under appropriate instructions by the court. It is urged here in behalf of the appellants, —

1. That the charge was defective and incorrect as an enunciation of the law applicable to the case as made by the evidence; and, among other reasons, it is urged that the charge of the court invades the province of the jury, and assumes that the defendants are the murderers, and that the charge on circumstantial evidence does not state the law clearly.

2. That it was not proved on the trial that Sam Black, as charged in the indictment, was the name of the deceased.

We set out the portions of the charge objected to: "In determining whether or not a murder has been committed with express malice, the important questions are: Do the external facts or circumstances at the time, having connection with or relation to the killing, furnish satisfactory evidence of the existence of a sedate, deliberate mind on the part of the persons killing, at the time they did the act? Do they show a formed design to take the life of the person slain, or to do him some serious bodily harm which in its necessary or probable consequences may end in his death, or do they show such general reckless disregard of human life as necessarily includes a formed design against the life of the persons slain? If they do, then the killing, if it comes within the definition of murder in other respects, would, as far as express malice is concerned, be murder upon express malice, and murder in the first degree."

The latter portion of the succeeding paragraph of the charge is also complained of, which is as follows: —

"But if you do not believe that the defendants did take the life of said Sam Black, as alleged in the indictment, with a sedate and deliberate mind, and in pursuance of a formed design on the part of defendants, then you will find defendants not guilty of murder in the first degree; or if you entertain a reasonable doubt as to the guilt of the defendants, you will find them not guilty of murder in the first degree."

The particular objection to this latter portion seems to

be that it ought to have applied the reasonable doubt to the second as well as to the first degree. It is a sufficient answer to this position to say that the charge of the court on murder in the second degree and on implied malice concludes in these words : —

" But if you do not so believe that the defendants did, as alleged in the indictment, take the life of said Black, and upon implied malice, as that term has been explained to you in this charge, you will find the defendants not guilty ; or, if you entertain a reasonable doubt, arising out of the evidence in this case, as to their guilt, you will find the defendants not guilty."

We dispose of this branch of the subject with the remark that it appears from the record that the reasonable doubt was applied to both the first and second degrees of murder by the charge of the court.

As to that portion of the charge first copied above, when standing alone and disconnected with other portions of the charge, where an application of the principle enunciated is made to the facts, we fail to discover that it is susceptible of the construction placed upon it by the defendants' counsel, to wit, that it assumes the guilt of the defendants, instead of leaving the question of their guilt or innocence to be determined by the jury. We do not see that the bare fact that a change of the pronouns employed in the charge from the singular to the plural number could, by any sort of probability, have had that effect ; otherwise the charge is supported by and is in accord with the leading authorities on the subject of murder on express malice. *McCoy* v. *The State*, 25 Texas, 41 ; *Atkinson* v. *The State*, 20 Texas, 533 ; *Jordan* v. *The State*, 10 Texas, 492 ; *Williams* v. *The State*, 1 Texas Ct. App. 316 ; *Tooney* v. *The State*, 5 Texas Ct. App. 163 ; *Cox* v. *The State*, 5 Texas Ct. App. 493.

So, whilst not strictly necessary in the present case, we find no material error in the charge ; on the contrary, we

think it a substantially correct charge as to what would constitute a killing on express malice, as applicable to murder in the first degree; and when considered with reference to those portions which apply to the case as developed by the evidence, we find nothing in it, or in fact any other portion of the charge, which invades the province of the jury.

As to the charge on circumstantial evidence, we deem it amply sufficient, as embracing every feature of a proper charge on that subject. It is as follows: "When, as in this case, the State relies upon circumstantial evidence to convict, the testimony must exclude, to a moral certainty, every other hypothesis but the one of guilt of the defendants as charged in the indictment, or you must acquit. And each fact in a chain of facts from which the main fact in issue is to be inferred must be proved by competent evidence and by the same weight and force of evidence as if each one was the main fact in issue, and all the facts proved must be consistent with each other and the main fact to be proved. If you can reasonably account for or explain the facts and circumstances in evidence before you in this case, in any way consistently with the defendants' innocence, without resorting to unreasonable doubts and theories, then you should do so, and acquit. But if you cannot account for nor explain the facts and circumstances detailed before you in this case, upon any reasonable ground consistently with the defendants' innocence, then, if you cannot do this, you should convict."

This charge embraces every feature of the law as to the conclusiveness of circumstantial evidence, and the necessity of agreement in all its parts in order to warrant a conviction upon such testimony even in matters of the gravest concern, and is fully as favorable to the defendants as the authorities warrant. *Hunt* v. *The State*, 7 Texas Ct. App. 212, and authorities there cited; *Myers* v. *The State*, 7 Texas Ct. App. 640. The law does not require such a charge to

be couched in any particular language; so it embodies the substance in plain language, the demands of the law are satisfied. *Myers* v. *The State, ante.* We are of opinion the charge of the court, as given in the general instructions as to the law of the case, was sufficient to inform the jury as to the law of every legitimate view they could have taken of the evidence; and this being the case, the special instructions asked by the defendants' counsel became unnecessary and were properly refused. The charge, we are of opinion, sufficiently guarded every substantial right of the defendants, and is far from material error.

Whether or not it was proved that the name of the deceased was Sam Black, the jury were instructed very favorably for the defendants: that the reasonable doubt " applied to all of the material averments in the indictment, including the name of the party alleged to have been killed." The name charged in the indictment is Sam Black. It is manifest, from the testimony, that he and his fellow-prisoner were almost unknown in the community and among the people where this double homicide occurred. The object of the law in requiring that the name of the injured party should be stated, if known, being that those accused may be informed of the charge against them, and what they will be called on to defend against, it would seem that it would be sufficient if it had that effect; so that, if the defendants knew him by the name of Sam Black, and the proofs established that fact, and it was not proved that this was not his true name, and that this was the name the defendants knew him by, the demands of the law would be satisfied. It is not shown that the name given to the deceased in the indictment was not the true name; one witness, to whom he seems to have been a stranger, has a rather indistinct impression that he had heard him called by some other name, and with this exception there is no conflict in the testimony on the subject. That the defendants knew him as Sam Black is, we think, beyond question.

The law is not very precise in its demands on this subject any way. *Cotton.* v. *The State*, 4 Texas, 260, and authorities there cited; *Henry* v. *The State*, 7 Texas Ct. App. 388.

We are of opinion there was no material variance between the allegations and the proofs as to the name of the deceased, nor is there any sufficient evidence that the name in the indictment was not the true name; and there is evidence that he was known by the defendants by that name, and not by any other, so far as we see from the statement of facts.

The cause of the appellants has been forcibly and ably presented. We have not attempted in this opinion to notice particularly all the subjects discussed in briefs and oral arguments; still the matters set out in the different bills of exception and motions have been considered with all the care their importance and the rights of the appellants demand. And upon a view of the whole case, as here presented, we find no such error as would warrant an interference with the judgment of the District Court, and it is affirmed.

*Affirmed.*

Winkler, J., on motion for rehearing. The only question presented for our consideration by this motion is one of identity. Did the evidence identify the murdered man with the one described in the indictment as "one certain Sam Black," and elsewhere as "the said Sam Black?" it being averred in the motion that "there was no proof that the man for whose murder defendants were tried in this case was Sam Black, or that he called himself Sam Black, or that any one else ever called him Sam Black, or stated that he so called himself." In considering the subject here presented, it must be borne in mind that these appellants were charged in another indictment for the murder of an unknown man, and that it was shown on both trials that the defendants

had in their custody at the same time two persons, who were afterwards found together, bearing evidence of their having been murdered by hanging on the same tree, and deposited in the same hole made by the uprooting of a tree by the wind. These are facts known to the court by its own records.

In looking into the evidence in the present case as found in the statement of facts, we find the following in the testimony of the State's witness Pinckard: "I knew all the parties that night at Mrs. Griffin's, except the prisoners defendants at bar had with them. I heard some one call one of the prisoners Sam Black." Wiggins, another State's witness, said: "I know the defendants; saw them in January or February, 1877, at my house. My house is five or six miles from Mrs. Griffin's, in the direction of Liberty. Defendants had two young men; one had a little mustache. * * * We got breakfast for them. I was sick, but kindled a fire for them to warm by. I asked old man Rye, Sr., one of the defendants at the bar, what were the names of the two prisoners they had in custody; he said one of the prisoners called himself Sam Black. * * * The next time I saw those two young men they were in the Big Thicket, dead, * * * lying in front of a big clay-root. * * * There were ropes around the necks of the dead bodies." On his cross-examination this witness said, speaking of Rye, Sr.: "He said one of the two prisoners said his name was Sam Black, but did not point out which one said so. The men I saw dead in the Big Thicket was the one Rye said was Sam Black." George Wiggins, another witness, says: "I heard old man Rye, one of the defendants, tell my uncle that one of the persons called himself Sam Black." We have not noticed other evidence as to the age, the personal appearance of the deceased, and the like, tending to identify him as one of the persons seen by a number of witnesses at different places on their route from where the testimony first finds them, at Woodville in Tyler

County, and afterwards found murdered in Polk County, but have confined ourselves strictly to the question raised by the motion for rehearing, — the evidence on the subject of the name of the person for whose murder the defendants were convicted.

The judge who presided at the trial submitted to the jury the question of the name of the deceased in the charge on murder generally, as for instance the following : " If from the evidence and the circumstances detailed to you by the witnesses in this case you believe that the defendants, [naming them] acting together, did, in Polk County, in January or February, 1877, or at any time prior to April 19, 1877, take the life of Sam Black, as alleged in the indictment, by hanging Sam Black with a rope, and that the defendants did so take the life of said Black and with implied malice," etc. ; and again : " But if you do not so believe that defendants did, as alleged in the indictment, take the life of said Black and upon implied malice as that term has been explained to you in this charge, you will find the defendants not guilty."    But more particularly in the eighth paragraph of the charge the attention of the jury was specially called to the necessity of proving the name of the deceased, in the following language : " The defendants are presumed to be innocent until their guilt is established by legal evidence, and in case of a reasonable doubt as to their guilt they are entitled to be acquitted.    This reasonable doubt applies to all the material averments in the indictment, including the name of the party alleged to have been killed ; but this doubt should be a reasonable one, arising out of the evidence before you, — not a fanciful doubt, arising from something else than the evidence in the case."

It does not appear from the statement of facts that any one of the witnesses who testified concerning the dead bodies, as they lay upon the ground by the clay-root near the leaning holly-tree, placed his finger upon either one of the dead bodies and said in so many words " This is Sam

Black, or the man who was called Sam Black,'' or that he was the man named in the indictment; nor can we deem it important, under the peculiar circumstances, that this should be made thus to appear. The true question is, did the testimony identify the deceased with the person described in the indictment, so as to require of the court to submit to the jury the question of identity. To our minds the testimony was confined as nearly as was practicable to the proofs as to one of the dead men; hence questions as to his personal appearance, age, and the like. It is not a question of conflict of testimony; there is no decided testimony that the deceased was named anything other than·as described in the indictment. Nor is it a question of variance; no witness knew the deceased by any other name than that stated in the indictment, except one witness, who had an indistinct impression that he had claimed another name; but even this witness does not pretend to know his true name. The testimony was meagre, it is true; but it is equally true that all the testimony tends in one direction, namely, that the murdered man was called by the name given him in the indictment. There is nothing in the evidence to create an impression that these defendants were charged with the murder of one man and convicted on proof of having murdered another. On the contrary, the proof, what there was of it, supported the averment in the indictment as to the name of the deceased, and shows conclusively that he was one of the persons held in custody by the defendants when last seen alive. There was no variance between the allegations and the evidence. We are unable to say that there was not sufficient evidence adduced to warrant the jury in finding that the name of the deceased was that stated in the indictment. The motion for rehearing is overruled.

*Rehearing refused.*